## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| RAMONA RAE GOMEZ         ) | |
|                        ) | |
|     Plaintiff,            ) | |
|                        ) | |
| v.                     ) | Case Action No. 1:16-cv-01433-TSE-IDD |
|                        ) | |
| HAYSTAX TECHNOLOGY, INC. ET AL  ) | |
|                        ) | |
|     Defendants.          ) | |
|                        ) | |

## PLAINTIFF RAMONA GOMEZ'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HAYSTAX TECHNOLOGY INC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the Eastern District of Virginia, Plaintiff Gomez ("Plaintiff" or "Gomez"), by and through undersigned counsel, hereby serves upon Defendant Haystax Technology, Inc. ("Haystax") the following Requests for Production of Documents ("Requests"). You are required to produce those documents in the possession, custody, or control of Defendant, which are responsive to these Requests by forwarding same within thirty (30) days of the date of service, at the law offices of POTOMAC LEGAL GROUP PLLC, 1420 N Street, NW, Suite 102, Washington, DC 20005.

### A. INSTRUCTIONS AND DEFINITIONS

In responding to the following Request for Production of Documents, Defendant, as hereafter defined, shall utilize the definitions and follow the instructions hereinafter set forth, each of which shall be deemed to be a material part of each request:

1.     Defendant shall mean the Defendant, its agents, attorneys, accountants, consultants, independent contractors, and any other individual or entity associated or affiliated with it or purporting to act on its behalf.

2.     The word "document" as used herein shall include any writing, tape recording, videotape, photograph, microfilm, computer tape, disk or diskette, telex, letter, item of correspondence, note, statement, intracompany communication, telegram record, book summary of conversations or interviews, whether business or personal, diary, work paper, graph, chart, circular, pamphlet, trade letter, press release, contract, agreement, check stub, or any other thing in which any matter is memorialized, whether in rough or final draft including, but not limited to, any and all information contained in any computer data base although not yet printed out.

3.     The singular of any word used herein shall be deemed to include the plural of such work and the plural shall include the singular.

4.     The word "person" shall mean any individual, firm, partnership, corporation, association, business or governmental entity or sub-division, agency, department, and any "person" acting by or through, directly or indirectly, any other "person" as well as any "person" by whom such "person" was controlled with respect to the matter in question.

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

6.     "Concerning" means relating to, referring to, describing, evidencing, or constituting. The following requests shall be deemed to be continuing so as to require further and supplemental

production by you of documents which originate or fall within the scope of the following requests at any time prior to the conclusion of this litigation.

### Destroyed Documents

If any documents requested herein or fairly comprised within the scope of the following requests have been lost or destroyed, you shall provide, in lieu of a true and correct copy thereof, the date of origin, a brief description of such document, the author of the document, the date upon which the document was lost or destroyed, and a brief statement of the manner in which the document was lost or destroyed.

### Objections to Production

In the event that any objection is made to the production of any document fairly comprised within the scope of the following requests, in lieu of production of such document, you shall furnish a list of each document withheld from production together with the following information:

a) The reason for withholding production;

b) A statement of the facts constituting the basis for your withholding the document from production;

c) A brief description of the documents withheld, including:

   (1) The date upon which the document was originated;

   (2) The identity of its author or preparer;

   (3) The identity of each person who was a recipient of the document;

   (4) The specific request which encompasses the document;

   (5) A brief description of the subject matter of the document and the identity of all persons who have personal knowledge of the subject matter.

Confidential or Proprietary Information

If any of the following requests comprise documents which you contend contain confidential, business, trade secret, or proprietary information, you shall not withhold such documents on the grounds of confidentiality, but shall forthwith advise all parties to this litigation of the confidential nature of such material and request all parties to stipulate to the entry of an appropriate order preserving confidentiality.

## B. REQUESTS

### REQUEST NO. 1

Produce any and all documents relating or referring to the allegations of Plaintiff's Complaint or any of Defendant's affirmative or other defenses.

### REQUEST NO. 2

Produce all documents reflecting or referring to statements of any witnesses that pertain to any of the allegations of the Complaint or any of Defendant's affirmative or other defenses, including statements made on any social media outlet.

### REQUEST NO. 3

Produce any and all documents describing the duties, responsibilities, and qualifications—including but not limited to the skills, education, training, certifications, and/or experience—required for the position and/or job title Plaintiff held while employed by Defendant.

### REQUEST NO. 4

Produce any and all documents reflecting or referring to Plaintiff's work, assignments, tasks, or projects from Plaintiff's date of hire until Plaintiff's termination, including, but not limited to, documents used by Defendant to assess Plaintiff's performance.

**REQUEST NO. 5**

Produce any and all documents reflecting any and all types and amounts of leave time to which Plaintiff was entitled, given, earned, or would have had access to (including but not limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.).

**REQUEST NO. 6**

Produce any and all documents reflecting or referring to Defendant's human resources' rules, policies, practices, and procedures regarding unlawful discrimination and retaliation, as well as policies governing accommodations, such as leave, for disabilities or illness, in the workplace from 2014 to present.

**REQUEST NO. 7**

Produce any job advertisements, job openings, job notices – whether internal or external – including qualifications, salary, and benefits, for which Ms. Gomez was qualified or eligible for at Haystax from September 2015 to March 2016.

**REQUEST NO. 8**

Produce any and all documents reflecting or referring to any complaints, charges, grievances, internal harassment or discrimination complaints, petitions, demands for arbitration, investigations, lawsuits or other complaints alleging age discrimination, disability discrimination, sex discrimination, or unlawful retaliation, against Defendant, its agents or employees, from 2014 to the present.

**REQUEST NO. 9**

Produce any and all documents identifying employees based upon sex and age who were re-assigned to projects which Ms. Gomez was bid on or worked on after the cancellation of a

government contract from January through March 2016.

## REQUEST NO. 10

Produce any and all documents reflecting or referring to names, salary, benefits, compensation, job position(s), gender, and age of all employees of Defendant who requested or have taken disability leave and were later terminated, including employees who were terminated while on disability leave or other FMLA leave, including but not limited to Plaintiff, Jill Czelusniak and Sue Kuiler.

## REQUEST NO. 11

Produce any and all documents reflecting or referring to any correspondence, conversations, memoranda or any form of communication relating to any of the allegations set forth in Plaintiff's Complaint and/or Defendant's affirmative or other defenses, including but not limited to communications by and between Haystax management, Plaintiff's supervisors, and/or employees, including but not limited to Cynthia Barreda, Kirk Johnson, Susan Brady and Plaintiff.

## REQUEST NO. 12

Produce any and all documents reflecting the employment history (with Defendant) of each person(s) holding the same or similar job title or position with similar responsibilities as Plaintiff held since Plaintiff's termination, including documents reflecting that person's date of hire, gender, age, qualifications, compensation, tasks, assignments, dates and type of leave taken, and disability status.

## REQUEST NO. 13

Produce any and all documents reflecting or referring to the employment history of Jill Czelusniak and Sue Kuiler, including but not limited to their work assignments on specific

government contracts, job descriptions and any communications related to their work performance, disability leave and their termination or resignation.

## REQUEST NO. 14

Produce any and all documents reflecting or referring to new employees from September 2015 through April 2016 and documents reflecting each person's job title or position, salary, benefits, compensation, job description, date of hire, gender, age, qualifications, tasks, and assignments, including but not limited to Matt Parsons and Carver Pace.

## REQUEST NO. 15

Produce any and all documents reflecting or referring to communications relating to Plaintiff's disability, taking FMLA leave, or termination, including but not limited to communications by and between Haystax and/or NetCentrics management, Plaintiff's supervisors, and/or employees, including but not limited to Cynthia Barreda, Kirk Johnson, Susan Brady and Plaintiff.

## REQUEST NO. 16

Produce any and all documents relating to Defendant's policies or practices regarding retention of documents of any nature, including but not limited to retention of paper documents, computer files, and electronic files.

## REQUEST NO. 17

Produce any and all documents reflecting or referring to Defendant's net worth from 2014 to present.

## REQUEST NO. 18

Produce any and all documents identified or referred to in response to Plaintiff's First Set of Interrogatories to Defendant Haystax.

## REQUEST NO. 19

Produce any and all organizational charts and employee lists for Defendant from August of 2014 to present.

## REQUEST NO. 20

Produce all insurance policies, and all sections of the insurance policies that reference employment practices liability, under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

June 9, 2017

Respectfully submitted,
POTOMAC LEGAL GROUP PLLC

*Kassandra Hayn*

Kassandra Haynes
VA Bar No. 86414
Natalie M. Koss
*Admitted Pro Hac Vice*
Potomac Legal Group PLLC
1420 N Street NW, Suite 102
Washington, DC 20005
(202) 643-9840
(202) 350-2654 (facsimile)
haynes@potomaclegalgroup.com
nkoss@potomaclegalgroup.com
*Attorneys for Plaintiff Ramona Gomez*

Ryan Posey
VA Bar No. 85109
Posey Lebowitz, PLLC
3221 M Street NW
Washington, DC 20007
(202) 524-0123 ext. 2
rposey@poseylebowitz.com
*Attorney for Plaintiff Ramona Gomez*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2017, a true and correct copy of Plaintiff Ramona Gomez's First Set of Interrogatories to Defendant Haystax was served on the following party via first class mail postage prepaid and electronic mail:

Merrell B. Renaud
Squire Patton Boggs (US) LLP
8000 Towers Crescent Drive, 14th Floor
Tysons Corner, VA 22181
Merrell.renaud@squirepb.com
(703) 720-7845
*Counsel for Haystax/NetCentrics*

Kassandra Hayn

Kassandra Haynes